23 F.3d 411
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Ronald R. WREN, Plaintiff-Appellant,
v.
Rick McCAIN, et al., Defendants-Appellees.
 No. 93-2183.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 15, 1994.*
Decided April 20, 1994.
 
 Before CUDAHY, EASTERBROOK, and MANION, Circuit Judges.
 
 ORDER
 
 1
 Ronald R. Wren appeals the entry of summary judgment in favor of the defendants in this civil rights suit, 42 U.S.C. Sec. 1983. On appeal Wren asserts that his Fourth and Fourteenth Amendment rights were violated, and challenges the adequacy of the procedures followed by the district court before it granted the defendants' summary judgment motion. We affirm.
 
 
 2
 Following Wren's arrest for armed robbery, Wren's automobile, which had been the alleged getaway car, was seized by members of the Alton Police Department and held pending disposition of the criminal charges. Within several days after the robbery, Wren's sister Doris Jean Jones arrived at the police station with the title to the car and requested that the car be released to her. Sergeant Rick McCain declined to release the car. Instead, he gave Jones a photocopy of the title and held the original as evidence that Wren was the owner of the car. After the close of the criminal case against Wren and his accomplices, Wren was notified that his car and title were available for release to whomever he chose to designate to retrieve them.
 
 
 3
 Wren then filed suit against McCain and three other police officers, seeking damages for the seizure of the automobile and title and for deprivation of property without due process of law. Pursuant to 28 U.S.C. Sec. 636(b)(1), the case was referred to a magistrate judge, who issued a Report and Recommendation in favor of granting the defendants' motion for summary judgment. After considering Wren's objections, the district court adopted the magistrate judge's Report and Recommendation and entered summary judgment against Wren. On appeal, Wren concedes that the initial seizure of his automobile was lawful, but contends that the defendants had no right to seize the title to the automobile from Jones, and that they had no right to hold the automobile and title without providing him with procedural due process.
 
 
 4
 We first consider whether the seizure of the title implicates Wren's Fourth Amendment rights. It is undisputed that the title was taken from Jones, not Wren; yet "Fourth Amendment rights are personal rights which ... may not be vicariously asserted," Alderman v. United States, 394 U.S. 165, 174 (1969), either for the purpose of seeking to exclude illegally obtained evidence, see United States v. Payner, 447 U.S. 727, 731 (1980); Rakas v. Illinois, 439 U.S. 128, 148-49 (1978), or of bringing a civil rights action based on an alleged invasion of Fourth Amendment rights, see Gora v. Costa, 971 F.2d 1325, 1328-29 (7th Cir.1992). Even if we assume that Wren is able to establish that his own possessory rights were invaded by Sergeant McCain's seizure of the car title from Jones, we find no violation of the Fourth Amendment. An item in which there is no expectation of privacy (such as a car title given to a third person who then shows it to police officers, see Payner, 447 U.S. at 735), may be retained without violating the Fourth Amendment if the item constitutes evidence in a criminal investigation. See Payton v. New York, 445 U.S. 573, 587 (1980); Warden v. Hayden, 387 U.S. 294, 307 (1967); see also New Jersey v. T.L.O., 469 U.S. 325, 345 (1985). Because there is an obvious nexus between the title to the alleged getaway car and the car itself, which in turn was an instrumentality of the armed robbery, the defendants did not violate Wren's Fourth Amendment rights by retaining the title.
 
 
 5
 Wren's Fourteenth Amendment due process claim is also without merit. With respect to the seizure of the car, Wren's allegation that the defendants did not follow the proper state law procedures for retaining the vehicle does not state a constitutional claim.[1] See Olim v. Wakinekona, 461 U.S. 238, 248-51 (1983); Archie v. City of Racine, 847 F.2d 1211, 1217 (7th Cir.1988) (en banc ), cert. denied, 489 U.S. 1065 (1989). Wren's claim that the retention of the car and the seizure of its title were unauthorized, besides being meritless for the reasons discussed above, would not in any event give rise to a due process claim since Illinois provides an adequate post-deprivation remedy which was available to Wren.[2] See Hudson v. Palmer, 468 U.S. 517, 533 (1984).[3]
 
 
 6
 Wren also protests that the magistrate judge considered the defendants' motion for summary judgment well after the court-imposed deadline for filing dispositive motions, and that summary judgment was entered in favor of the defendants even though they failed to respond to Wren's motions for summary judgment. The record reveals that Wren's first contention is simply wrong,[4] and that Wren's summary judgment motions were denied because Wren had failed to meet his initial burden of demonstrating that he was entitled to summary judgment. See Wren v. McCain, No. 90-3304 (S.D.Ill. Aug. 21, 1991) (unpublished).[5] The record also reveals that Wren was accorded ample notice and time to respond to the defendants' summary judgment motion, and that Wren did respond to the motion.[6] Finally, the magistrate judge committed no abuse of discretion in allowing the defendants to supplement their summary judgment motion with a portion of the transcript of Jones's deposition testimony.
 
 The decision of the district court is
 
 7
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Similarly, if the defendants first told Wren that his car would be released to a family member, then decided to retain the car as evidence in the criminal case against Wren, no federal constitutional rights were violated. See, e.g., Payton, 445 U.S. at 587
 
 
 [2]
 Even if we assume, as Wren alleges, that in retaining his car and its title the defendants failed to follow the procedures required by Illinois law, this would have had no effect on Wren's ability to press his claim in state court. See 720 ILCS 5/36-1, 5/36-4
 
 
 [3]
 In Palmer, the Supreme Court held that "an unauthorized intentional deprivation of property by a state employee does not ... [violate] the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." 468 U.S. at 533
 
 
 [4]
 The magistrate judge ordered that all parties file dispositive motions by June 15, 1992, and the defendants complied with that order. (R. at 49, 66.)
 
 
 [5]
 (R. at 41.)
 
 
 [6]
 (R. at 74-77.)